IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| ELLEN ROBINSON, | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| | * | |
| vs. | * | No. 4:11-cv-00768-SWW |
| | * | |
| | * | |
| | * | |
| | * | |
| AMERICAN RED CROSS, | * | |
| | * | |
| | * | |
| Defendant. | * | |

## ORDER

Plaintiff Ellen Robinson brings this pro se action against American Red Cross pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* alleging discrimination on the basis of race and color (black). Before the Court is defendant's motion to seal documents [doc.#11] that are attached to plaintiff's complaint. Having considered the matter, the Court grants defendant's motion to seal documents. The Court also orders plaintiff to file an amended complaint within twenty (20) days of the date of entry of this Order for reasons to be explained below.

I.

Defendant notes that plaintiff attached 59 pages to her complaint and that many of those attachments contain confidential or sensitive information that should not be filed electronically. For example, notes defendant, one attachment contains a call number participant code and leader numbers that could be used to inappropriately access defendant's telephone facilities, and

defendant states that attachment likewise contains information about the operations of defendant that should not be public.

Defendant notes that also attached to plaintiff's complaint are Sample Customer Concern Forms that contain the names, addresses, telephone numbers, donor identification numbers and other information about blood donors, and that there are documents that contain personal health information about blood donors, including name, height, weight, blood type and status.

Defendant argues that all of the documents attached to the complaint except for plaintiff's Equal Employment Opportunity Commission (EEOC) Charge of Discrimination and Dismissal and Notice of Rights letter should be sealed and removed from the Court's Electronic Case Filing (ECF) system. Defendant also requests that because of the urgent nature of this matter, the Court enter the Order immediately without waiting 14 days for the plaintiff to respond to its motion.

"Under both Rule 45 and Rule 26(c)(1) [of the Federal Rules of Civil Procedure], '[t]he district court may in appropriate cases seal documents or deposition testimony to ensure that they will be used only for judicial purposes and will not be disseminated.'" *Glenford Yellow Robe v. Allender*, Civ. No. 09-5040-JLV, 2010 WL 1780266, at *6 (D.S.D. Apr. 30, 2010) (quoting *Schoffstall v. Henderson,* 223 F.3d 818, 823 (8th Cir.2000)). *See also Boyce v. Moberly Public School Dist.*, No. 2:06cv00044 ERW, 2007 WL 1378427, at *1 (E.D. Mo. May 7, 2007) (Fed.R.Civ.P. 26(c) authorizes federal district courts to seal or otherwise deny public access to documents or proceedings)).

Having considered the public's interest in access and the need to protect, *inter alia*, the personal privacy of American Red Cross's blood donors, the Court orders sealed all attachments

to plaintiff's complaint except her EEOC Charge of Discrimination and Dismissal and Notice of Rights letter. The Court directs the Clerk to remove the relevant attachments from the public ECF system as soon as possible.[1]

## II.

The Court now turns to the allegations of discrimination of which plaintiff is complaining. Plaintiff utilizes a form Title VII complaint, Paragraph 9 of which requires plaintiff to set forth "[t]he circumstances under which the defendant discriminated against plaintiff...." In response to Paragraph 9, plaintiff merely states "[s]ee attach [sic] copies," which consists of 59 pages of assorted documents that make it somewhat difficult to piece together plaintiff's allegations of discrimination.[2]

Given the deficiencies of plaintiff's complaint, the Court orders plaintiff to file an amended complaint within twenty (20) days of the date of entry of this Order that specifically and clearly states in one place how she was discriminated against on the basis of race and color. Plaintiff must set forth specific facts concerning her allegations including, where applicable, names, dates, times, and places.

Because the attachments to plaintiffs original complaint are already part of the record and have been placed under seal (with the exception of plaintiff's EEOC Charge of Discrimination and Dismissal and Notice of Rights letter), plaintiff is ordered not to include the attachments to her original complaint with her amended complaint that is to be filed in accordance with this Order.

---

[1] Plaintiff, of course, is not precluded from asking the Court to reconsider today's Order.

[2] Plaintiff's EEOC Charge of Discrimination appears to set forth the closest approximation of what plaintiff is alleging.

III.

For the foregoing reasons, the Court grants defendant's motion to seal documents and orders plaintiff to file an amended complaint within twenty (20) days of the date of entry of this Order as set forth above.

IT IS SO ORDERED this 27th day of October 2011.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE