IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ELLEN ROBINSON,                          *
                                          *
                    Plaintiff,            *
vs.                                       *          No. 4:11-cv-00768-SWW
                                          *
                                          *
AMERICAN RED CROSS,                       *
                                          *
                    Defendant.            *

## ORDER

Plaintiff Ellen Robinson brings this pro se action against defendant American Red Cross

pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., alleging

discrimination on the basis of race and color (black).  Before the Court is defendant's motion

[doc.#28] to partially dismiss plaintiff's amended complaint [doc.#15] on grounds that some of

plaintiff's allegations are barred by the statute of limitations and others are outside the scope of

her Equal Employment Opportunity Commission (EEOC) Charge of Discrimination.  Plaintiff

has not responded to defendant's motion and the time for doing so has passed.  Having

considered the matter, the Court grants defendant's motion to partially dismiss plaintiff's

amended complaint.[1]

I.

Plaintiff filed her EEOC charge on July 20, 2011, alleging violations of Title VII and

complaining of the following: (1) not being given "all of my Apheresis Training within a two

---

[1] By Orders entered October 26, 2011 [doc.#9] and November 29, 2011 [doc.#21], the Court informed
plaintiff that she is required to be familiar and comply with all the Federal Rules of Civil Procedure as well as the
Local Rules of this Court and that failure to so comply can result in the dismissal of her claim.  The Court noted that
the Federal Rules of Civil Procedure are available in many libraries and bookstores, that the Local Rules can be
obtained from the Clerk of the Court for the Eastern District of Arkansas, and that said rules may also be accessed
from the internet website of the United States District Court for the Eastern District of Arkansas.

year period"; (2) failure to receive two positions–Administrative Assistant II and DOT

Administrative Person–in July 2011; (3) a suspension on July 14, 2011 and a "write up" on July

19, 2011 that she refused to sign, thereby extending the suspension; and (4) being told to report

to work at 8:00 a.m. when she returned to work (presumably following her suspension) rather

than her regularly scheduled work day time of 6:30 a.m.

In her amended complaint, plaintiff complains about the two positions in July 2011, as

well as her July 14, 2011 suspension and July 19, 2011 written reprimand.  However, in contrast

to her EEOC charge, plaintiff's amended complaint also alleges violations of the Age

Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* as well as the following:

> Defendant discriminated against plaintiff in terms and conditions of employment:
> giving her suspensions not given to whites, denying her training, promotions,
> positions, interviews and opportunities provided to non-African Americans, and
> in all but one instance to younger less qualified individuals.

> Defendant hired plaintiff February 3, 2003 in the position of phlebotomist
> technician.  She was later promoted to Automated Specialist I, and then, about six
> years ago to Charge Team Leader, about 2005.  Since then she has applied for
> several positions which defendant denied her, and gave to white employees with
> less seniority, experience or education than plaintiff.

> Moreover, defendant failed to train plaintiff for the duties assigned her, or for
> future duties as they provided non-African Americans.  Finally African
> Americans in plaintiff's department are disciplined more strictly than their white
> counterparts.

> Plaintiff's amended complaint also alleges as follows:

> In 2009 the Central Office combined two departments: the whole blood and
> platelets, or Apheresis.  Employees of each department were to be cross-trained
> so as to be proficient in both.  Jane Smith was made supervisor over the new
> unified department.

>> a) Plaintiff received part of the cross training for the new
>> department, which for her, was the Apheresis.  However, she was
>> not trained to retrieve donor information on the computer.

b) This causes delays for donor processing by plaintiff.

c) Such delays impact customer service.

d) Without this training, plaintiff is not qualified for a supervisor position in her department.

e) It has been two years and this training has not been provided and no explanation given when plaintiff inquires about it.  Yet, each month supervisors require plaintiff to sign off on documents indicating she has received proper training.

Finally, plaintiff's amended complaint also alleges:

In September, 2010 plaintiff applied for a OJI position in the Education Department. Plaintiff was not given the position, in spite of her qualifications for the position. She believes she was denied the position because of her color and race.  The position was filled by Stephen Shelly, a white male with less education, experience, seniority and education than plaintiff.

II.

A.

A Title VII and ADEA plaintiff must exhaust administrative remedies before bringing suit in federal court by timely filing an administrative charge with the EEOC.  *Cottrill v. MFA, Inc.*, 443 F.3d 629, 634 (8th Cir. 2006) (Title VII); *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005) (ADEA).  Under Title VII and the ADEA, an administrative charge must generally be filed within 180 days of the alleged discriminatory incident.  *Bissada v. Arkansas Children's Hosp.*, 639 F.3d 825, 830 (Title VII); *Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323, 1327 (8th Cir. 1995) (ADEA).  Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire constitutes a separate actionable unlawful employment practice and a plaintiff can only file a charge to cover discrete acts that "occurred" within that appropriate time period.  *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).  Thus, the time for filing an

EEOC charge runs from the date of any such discriminatory act, and all such discriminatory acts that occurred more than 180 days before the filing of said charge are time-barred under Title VII and the ADEA.  The charge must be sufficiently precise to identify the parties, and to describe generally the action or practices complained of.  *Cottrill*, 443 F.3d at 634.  Allegations outside the scope of the EEOC charge circumscribe the EEOC's investigatory and conciliatory role, and for that reason are not allowed.  *Williams v Little Rock Mun. Water Works*, 21 F.3d 218, 223 (8th Cir. 1994).  "The proper exhaustion of administrative remedies gives the plaintiff a green light to bring her employment-discrimination claim, along with allegations that are 'like or reasonably related' to that claim, in federal court."  *Shannon v. Ford Motor Co.*, 72 F.3d 678, 684 (8th Cir. 1996).

1.

Plaintiff alleges age discrimination in her amended complaint but she failed to allege such discrimination in her EEOC charge.  Plaintiff's age discrimination claim is not "like or reasonably related" to her claim of race discrimination and she thus has not exhausted her administrative remedies as to her age discrimination claim.  See, *e.g., Sallis v. Univ. of Minn.*, 322 F.Supp.2d 999, 1004 n.1 (D.Minn. 2004) ("Age and race are distinct protected categories and the exhaustion of remedies with regard to one does not create a right to sue for the other."), *aff'd*, 408 F.3d 470 (8th Cir. 2005).  Accordingly, plaintiff's claims asserted under the ADEA are barred.

2.

To the extent plaintiff's amended complaint alleges discriminatory acts in violation of Title VII prior to January 21, 2011, those allegations are hereby dismissed as time-barred.

Specifically, plaintiff's allegations of discrimination with regard to alleged failure to receive training as far back as 2009 are dismissed, as well as any pre-January 21, 2011 allegations with regard to defendant allegedly "giving her suspensions . . . denying her training, promotions, positions (including the September 2010 OJI position in the Education Department), interviews and opportunities."

Plaintiff's allegations with regard to her failure to receive positions other than the ones in July 2011 are also outside the scope of her charge.  Specifically, to the extent plaintiff's amended complaint alleges post-January 21, 2011 violations of Title VII in the form of "suspensions . . . denying her training, promotions, positions (other than the ones in July 2011), interviews and opportunities" other than what is set forth in plaintiff's EEOC charge, these allegations are not "like or reasonably related" to the allegations of her EEOC charge and, accordingly, are dismissed.

III.

For the foregoing reasons, and without objection from plaintiff, the Court grants defendant's motion to partially dismiss plaintiff's amended complaint.

IT IS SO ORDERED this 11th day of January 2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE